# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 19

*October Term, A.D. 2013*

*February 6, 2014*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

SANDRA L. BAKER, WSB No. 6-4219,

Respondent.

D-14-0004

## ORDER OF PUBLIC CENSURE

**This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein January 23, 2014, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline). The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Sandra L. Baker should be publicly censured for her conduct. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that Sandra L. Baker is hereby publicly censured for her conduct, which is described in the Report and Recommendation for Public Censure. This public censure shall include issuance of a press release consistent with the one proposed in the Report and Recommendation for Public Censure; and it is further

**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Ms. Baker shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Ms. Baker shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before March 31, 2014; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent Sandra L. Baker.

**DATED** this 6th day of February, 2014.


BY THE COURT:

/s/

**MARILYN S. KITE**
**Chief Justice**

**D-14-0004**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

JAN 2 3 2014

CAROL THOMPSON, CLERK
by CHIEF DEPUTY

| | |
|---|---|
| *In the matter of*<br>*SANDRA L. BAKER,*<br>*WSB # 6-4219,*<br><br>　　*Respondent.* | )<br>)<br>)<br>)<br>)<br>) |

*WSB No. 2013-017*

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

THIS MATTER having come before a quorum of the Board of Professional Responsibility on the 16th day of January, 2014, for consideration of the parties' Stipulated Motion for Public Censure, and the Board having reviewed the motion and the accompanying affidavit of factual basis and being fully informed in the premises, FINDS, CONCLUDES and RECOMMENDS as follows:

### FINDINGS OF FACT

1.　Respondent was admitted to the Bar in 2007. At all times relevant to this proceeding, Respondent was engaged in the practice of law in Thermopolis, Wyoming.

2.　At the time Respondent and her husband, Richard E. Baker, moved to Wyoming in 2007, Respondent's husband was receiving monthly Social Security Disability benefits. While in Thermopolis during the years 2007 and 2008, Respondent's husband performed construction-related odd jobs for Thermopolis residents. Respondent's husband did not perform construction-related odd jobs in 2009. Respondent's husband was

legally obligated to report the income from such employment to the Social Security Administration but he did not.

3. Respondent told co-workers that the income from her husband's occasional employment had to be run through Baker Contracting, a company owned by Respondent, in order to avoid the loss of Respondent's husband's Social Security Disability benefits.

4. Consistent with Respondent's statements to her co-workers, the joint income tax returns filed by Respondent and her husband for the years 2007, 2008 and 2009 included a Schedule C that reported revenues and expenses for a business called Baker Contracting. Each of the Schedule C's listed Respondent as the proprietor of Baker Contracting and described the principal business of Baker Contracting as "attorney/contractor construction." The tax returns were prepared by Respondent's husband and filed electronically. Respondent did not participate in their preparation nor review them before they were filed.

5. During 2012, an investigation by the Social Security Administration revealed that Respondent's husband had failed to make the disclosures required by law for recipients of Social Security Disability benefits. Respondent's husband pled guilty to one count of violating 42 U.S.C. § 408(a)(4), a felony, and was sentenced to two years' supervised probation and was ordered to pay restitution in the amount of $84,605.

6. Respondent has agreed that her complicity in her husband's withholding of disclosure of his earnings from the Social Security Administration constitutes a breach of Rule 8.4(c) of the Wyoming Rules of Professional Conduct, which provides that it is

2

professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation, and has agreed to a public censure.

7. Based upon the stipulated motion and the supporting affidavit of factual basis, the Board finds the following aggravating factors: (1) prior disciplinary history; (2) dishonest or selfish motive; and (3) substantial experience in the practice of law. The Board finds the following mitigating factors: (1) Respondent's level of cooperation in the investigation; and (2) Respondent was suffering from a severe head injury at the time of the conduct in question.

## CONCLUSIONS OF LAW

8. Standard 2.5 of the ABA Standards for Imposing Lawyer Sanctions states, "Reprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice." The commentary to Standard 2.5 discusses the proper circumstances in which to impose a public censure as well as the rationale behind this form of discipline:

> Publicity enhances the effect of the discipline and emphasizes the concern of the court with all lawyer misconduct, not only serious ethical violations. A reprimand is appropriate in cases where the lawyer's conduct, although violating ethical standards, is not serious enough to warrant suspension or disbarment. * * * A reprimand serves the useful purpose of identifying lawyers who have violated ethical standards, and, if accompanied by a published opinion, educates members of the bar as to these standards.

9. Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

> (a) the duty violated;
> (b) the lawyer's mental state;
> (c) the actual or potential injury caused by the lawyer's misconduct; and

3

(d) the existence of aggravating or mitigating factors.

10. Misconduct of the sort engaged in by Respondent, which essentially involves violation of a duties owed to the public, is addressed in Section 5.1, "Failure to Maintain Personal Integrity." Subsection 5.13 provides, "Reprimand [i.e., public censure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law."

11. Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

## RECOMMENDATION

For the reasons set forth above, a majority of a quorum of the Board recommends:

1. That an order of public censure be issued to Respondent for violation of Rule 8.4(c) of the Wyoming Rules of Professional Conduct.

2. That the following press release be issued by the Wyoming State Bar:

> Casper attorney Sandra L. Baker received a public censure from the Wyoming Supreme Court by order dated _____. While Ms. Baker was engaged in the practice of law in Thermopolis, Wyoming, during the years 2007 and 2008, her husband was receiving Social Security Disability benefits. Ms. Baker's husband performed construction-related odd-jobs, the income from which he was required to report to the Social Security Administration, but he did not.

4

Ms. Baker told co-workers that her husband's income had to be run through an entity called Baker Contracting of which Ms. Baker was the owner. Consistent with those statements to co-workers, the joint income tax returns filed by Ms. Baker and her husband for the years 2007, 2008 and 2009 included a Schedule C that reported revenues and expenses for a business called Baker Contracting. Each of the Schedule C's listed Ms. Baker as the proprietor of Baker Contracting and described the principal business of Baker Contracting as "attorney/contractor construction." The tax returns were prepared by Ms. Baker's husband and filed electronically. Ms. Baker did not participate in their preparation nor did she review them before they were filed.

During 2012, an investigation by the Social Security Administration revealed that Ms. Baker's husband had failed to make the disclosures required by law for recipients of Social Security Disability benefits. Ms. Baker's husband pled guilty to one count of violating 42 U.S.C. § 408(a)(4), a felony, and was sentenced to two years' supervised probation and was ordered to pay restitution in the amount of $84,605.

The Wyoming Rules of Professional Conduct regulate the conduct of members of the Wyoming State Bar. Ms. Baker's complicity in her husband's withholding of disclosure of his earnings from the Social Security Administration constituted a breach of Rule 8.4(c) of the Wyoming Rules of Professional Conduct, which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

Ms. Baker stipulated to these facts and consented to the public censure. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Ms. Baker. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Ms. Baker and ordering her to pay an administrative fee of $500 and costs of $50 to the Wyoming State Bar.

3. That Respondent be ordered to pay an administrative fee of $500.00 and costs of $50.00 to the Wyoming State Bar.

5

Dated this _____21st_____ day of January, 2014.

Jenifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar